IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Contrez Bing, #231678       )<br>                              )<br>                   Petitioner,  )<br>                              )<br>             v.              )<br>                              )<br> Warden of Perry              )<br> Correctional Institution,    )<br>                              )<br>                   Respondent.)<br>_____) | Civil Action No.8:08-2524-HFF-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on July 10, 2008.[1] On December 12, 2008, the respondent moved for summary judgment. By order filed December 15, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 15, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

## PROCEDURAL HISTORY

The petitioner is currently incarcerated in the Perry Correctional Institution. In June 2000, the petitioner was indicted for first degree criminal sexual conduct ("CSC"). (App.

---

[1] This filing date reflects that the envelope containing the petition was date stamped as having been received on July 10, 2008, at the Perry Correctional Institution mailroom. (Pet. Attach.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

486-87; 571-72.) Attorney James B. Huff represented him at a jury trial which was held May 14-16, 2001, with the Honorable James C. Barber presiding. The jury found the petitioner guilty as charged and Judge Barber sentenced him to life. (App. 1-482; 569-70.) The petitioner timely filed a direct appeal.

Senior Assistant Appellate Defender Wanda H. Haile represented the petitioner on appeal. On October 30, 2002, Haile petitioned to be relieved as counsel and filed an *Anders*[2] brief raising the following issue on appeal: "The lower court erred in allowing the state to exercise two peremptory challenges in a discriminatory manner. " (Return Attach. # 8 - Brief at 3.)[3]  On June 25, 2003, the South Carolina Court of Appeals affirmed the petitioner's conviction and granted counsel's request to be relieved in an unpublished opinion, *State v. Bing*, 2003-UP-440 (S.C. Ct. App. filed June 25, 2003). (Return Attach. # 9.) The remittitur was sent down on July 28, 2003. (Return Attach. #10.) On October 28, 2003, the Court of Appeals filed an order stating that "there was a disqualification on the [original] panel" and recalling the remittitur. (Return Attach. # 11.)  The court vacated its prior decision and resubmitted the matter.

On January 25, 2005, a different panel of the South Carolina Court of Appeals affirmed the petitioner's conviction and granted counsel's petition to be relieved, in an unpublished opinion, *State v. Bing,* 2005-UP-065 (S.C. Ct. App. Jan. 25, 2005). (Return Attach. # 12.)  The remittitur was sent down on February 25, 2005. (Return Attach. # 13.)

On July 25, 2003, the petitioner had filed an application for post-conviction relief ("PCR") raising the following grounds for relief, quoted verbatim:

---

[2]*Anders v. California*, 386 U.S. 738 (1967).

[3]Throughout this report, citations to the attachment numbers refer to the number under which the attachments were filed on the docket and not how the respondent numbered the attachments.

> A. The Applicant is being unlawfully held because the evidence the State used against him was unlawfully seized in violation of his 4th Amendment rights. Even though the illegally seized evidence was suppressed from trial, the prosecutor still brought it back into view in his closeing argument. Which violation of U.S.C.A. Const. Amend 4.
>
> B. The Applicant received ineffective assistance of counsel in that counsel failed to move for a motion for severance.
>
> C. Because the Applicants indictment was returned by an grand jury that was selected in a racially discriminary manner, the Court of General Sessions lacked subject matter jurisdiction to entertain his case and sentence him . . . .

(App. 497- 498.)

On February 7, 2005, an evidentiary hearing was held before the Honorable Doyet A. Early, III. The petitioner was present at this hearing and represented by Michael Chesser, Esquire. That same day, Judge Early dismissed the application without prejudice because the petitioner's direct appeal was still pending. On January 6, 2006, Judge Early held an evidentiary hearing into the matter. The petitioner was present at the hearing represented by James E. Whittle, Esquire. At the hearing, the petitioner raised an additional allegation, which was subsequently set forth in the petitioner's "First Amended Application for Post-Conviction Relief" filed on January 23, 2006. (App. 503-06.) In this allegation, the petitioner alleged trial counsel was ineffective because he "did not obtain, nor review, the mental health history of the Applicant." (App. 504.) On May 30, 2006, Judge Early filed an order dismissing with prejudice the petitioner's PCR application. (App. 559-65.) On June 26, 2006, Judge Early also denied the petitioner's Rule 59, SCRCP, motion. (Return Attach. # 18.) The petitioner timely served and filed a notice of appeal.

Assistant Appellate Defender Robert M. Pachak represented him in collateral appellate proceedings. On February 2, 2007, Pachak filed a motion to be relieved as counsel and a *Johnson* petition raising the following issue: "Whether defense counsel was ineffective in failing to present mental health evidence in mitigation for sentencing

purposes?" (Return Attach. # 19 - *Johnson* Pet. for Writ of Cert. at 2.) The petitioner did not file a pro se response to the petition. On December 13, 2007, the South Carolina Supreme Court denied certiorari and granted counsel's request to be relieved. (Return Attach. #20.) The remittitur was sent down on December 31, 2007. (Return Attach. # 21.)

The petitioner then filed this habeas action on July 10, 2008, in which he raises the following grounds for relief, quoted verbatim:

> **GROUND ONE:** My 6th and 14th Amendment rights to the effective assistance of counsel were violated.
> **SUPPORTING FACTS:** My attorney was ineffective in that: (1) he failed to get me a psychological evaluation in spite of the fact he was informed of my mental condition; (2) he never took the time to obtain the mental health records from the various mental health facilities that had treated me; (3) failed to review those records, and failed to use those records in rendering my custody untruthful and unconstitutional; and (4) his discussions with me regarding trial strategy.
>
> **GROUND TWO:** My 4th and 14th Amendment rights was violated, rendering my custody unlawful.
> **SUPPORTING FACTS:** I am being held unlawfully because the evidence the State used against me was unlawfully seized. Even though the illegally seized evidence was suppressed from trial, the prosecutor still brought it back into view in his closing argument, which is clearly in violation of the 4th and 14th Amendment, and is unconstitutional.
>
> **GROUND THREE:** My 14th Amendment rights to the Due Process of Law, Equal Protection of the Laws.
> **SUPPORTING FACTS:** Because my indictment was returned by a Grand Jury that was selected in a racially discriminary manner, the court of General Sessions lacked subject matter jurisdiction to entertain my case and sentence me.

(Pet. 6-9.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

> admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

6

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (I) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.

8

The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir.

1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances.  *Granberry v. Greer*, 481 U.S. 129, 131 (1987).  In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred.  *Murray*, 477 U.S. 478.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim.  *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default.  *Murray*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  He is required to prove that specific errors infected the trial and were of constitutional dimensions.  *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

**Procedurally Barred Claims**

The respondent contends that the claims raised in Grounds Two, and Three are procedurally barred as they were not raised on appeal.   The undersigned agrees.

The petitioner raise only one issue to the state supreme court on certiorari: "Whether defense counsel was ineffective in failing to present mental health evidence in mitigation for sentencing purposes?"  (Return Attach. # 19 - *Johnson* Pet. for Writ of Cert. at 2.)  "To

10

exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court."  *Matthews v. Evatt,* 105 F.3d 907 (4th Cir. 1997)).

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.  The petitioner has not argued any ground to excuse the default and none is readily apparent on this record.  Thus, these claims are procedurally barred from habeas review.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta.  *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993).  Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.  Accordingly, the undersigned will not discuss the merits of the claims raised in Grounds Two and Three as these claims are procedurally barred. The remaining claim set forth in Ground One is discussed on the merits below.

**Merits**

**Ground One**

In Ground One, the petitioner alleges that trial counsel was ineffective for failing to obtain and review the petitioner's mental health history.  The petitioner argued that if trial counsel had obtained his mental health records, he would have received a lesser sentence

11

or been able to negotiate a lesser sentence. (App.522-524; 546-547.)[4] The PCR court held trial counsel was not ineffective because South Carolina law clearly states that, under the circumstances, the sentence for the petitioner was life without parole. *See* S.C. Code Ann. § 17-25-45. [5] The PCR Court further found this was a matter of trial strategy and not ineffective assistance of counsel. Additionally, the PCR Court found that the petitioner had not shown any prejudice.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United State Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. *Id.* at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland,* defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell,* 506 U.S. 364 (1993). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland,* 466 U.S. at 689.

---

[4]The undersigned notes that in his memorandum opposing summary judgment, the petitioner alleges that trial counsel was ineffective for failing to move for a hearing on the petitioner's competency. (Pet'r's Mem. Opp. Summ. J. Mot. at 2.)   This issue was not raised in the state courts and thus is procedurally barred from habeas review.

[5]Section 17-25-45 provides that upon a conviction for a "most serious offense" a person must be sentenced to life imprisonment without the possibility of parole if the person has a prior conviction for a "most serious offense." Section 17-25-45(C) provides that 1st degree CSC is a "most serious" offense.

At the PCR hearing, the petitioner's mother, Bobbie Bing, testified that she told trial counsel of the petitioner's mental health history, but counsel did not obtain any records or talk with her about her son's mental health. She testified that the petitioner's mental health issues date back to when he was thirteen years old. She stated that as a result of an evaluation performed when he was sixteen, he took two medications until he was twenty-one years old and a May 1996 evaluation diagnosed him with major depression with psychotic features. She also testified that the Social Security Administration had determined that the petitioner was disabled. (App. 518-28.)

Trial counsel testified that he did not recall any discussions with the petitioner's mother about the petitioner's mental health status. However, he also testified that he did not have any problems communicating with the petitioner and competency or insanity were never issues in this case. Trial counsel also testified that he had attempted to negotiate a sentence with the State, but the only offer was for life without parole and any mental health issues would not have made a difference in the plea negotiations because the Deputy Solicitor Bill Weeks was adamant about seeking a life without parole sentence. (App. 529-46.) Weeks testified that the petitioner had a history of prior convictions and he intended to seek life without parole for the petitioner. Weeks testified that even if trial counsel had presented the petitioner's mental health records to him, it would not have made a difference in his decision to seek life without parole. (App. 549-56.)

The petitioner did not establish that the prosecution was interested in entering into plea negotiations. *Marshall v. Rushton*, 2005 WL 3359104 *9 (D.S.C. 2005.) Further, the trial court retained discretion as to whether to accept any such plea, and it was not guaranteed that the petitioner's sentence would have been any lower as a result of a plea bargain. *Id*. *(citing United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995) (holding alleged failure of counsel to negotiate a plea on behalf of the defendant failed the prejudice

13

prong in where there was no evidence that a different sentence would be imposed if counsel had tried to negotiate a plea)).  Accordingly, the petitioner cannot establish prejudice.  Therefore, based on the foregoing, the undersigned finds that the PCR court's decision was not contrary, nor an unreasonable application of, clearly established federal law.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 14) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

> s/Bruce Howe Hendricks
> United States Magistrate Judge

April 9, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).